UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| :DEVON: BORKHOLDER., and ) | |
| :DAVID-WYNN: MILLER., ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:12 CV 748 |
| ) | |
| HOMECOMINGS FINANCIAL ) | |
| NETWORK INCORPORATION, ) | |
|     Defendant. ) | |

**O R D E R**

Plaintiffs Devon Borkholder and David Wynn Miller (spelling their names in the ordinary way, as opposed to the stylized method in the complaint, which the court has attempted to reproduce above) have filed this action against defendant Homecomings Financial Network Incorporation [sic]. Just like seven prior cases filed by plaintiff Borkholder, and even more filed by plaintiff Miller, the document initiating this case, inclusive of attachments, is comprised of over a dozen of pages of unintelligible, nonsensical gibberish.[1]

RULE 8 establishes the pleading requirements for a complaint filed in federal court. RULE 8(a) states:

A pleading that states a claim for relief must contain:

    (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

---

[1] The last attachment, beginning at CM/ECF page 14, appears to be all or part of a real property mortgage document. Just like in plaintiffs' prior cases, this document itself is not unintelligible, but it is covered with unintelligible annotations.

> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a). "A plaintiff . . . must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (quotation marks and citations omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The complaint plaintiffs filed is completely incoherent and unintelligible. As such, it fails to provide, in a short and plain statement of the claim, fair notice of the claim or the grounds upon which it rests, or to present any facts from which it can be inferred that any plaintiff is plausibly entitled to some form of relief due to actions taken by the defendant. The indecipherable allegations lack any cognizable legal theory or sufficient facts to support a cognizable theory. A "plaintiff must give enough details about the subject-matter of the case to present a story that holds together," *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010), but the court is unable even to determine what story plaintiffs are attempting to tell through their assertions.

[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011); *see also Hoskins v. Polestra*, 320 F.3d 761, 762 (7th Cir. 2003) ("District judges have ample

authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense . . . even when the plaintiff has paid all fees for filing and service.").

A district court should "allow ample opportunity for amending the complaint when it appears that by doing so the pro se litigant would be able to state a meritorious claim," *Marshall v. Knight*, 445 F.3d 965, 970 (7th Cir. 2006) (*quoting Donald v. Cook Cnty. Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996)). In a typical case this court would do so, but this is not a typical case. In almost all of plaintiffs' previous cases the court has afforded them an opportunity to file an amended complaint, but they have declined to do so, instead filing additional unintelligible documents.[2] Nothing suggests that the present case is any different, and that plaintiffs would be able to amend their complaint to state a meritorious claim.

In short, the complaint's allegations are rooted in an incomprehensible method of written communication,[3] and the complaint suffers from more than a technical defect or curable shortcoming. Accordingly, this action is **DISMISSED WITHOUT PREJUDICE**. *See Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001) ("The dismissal of a

---

[2] Plaintiff Miller is also a plaintiff in several other actions without Borkholder, using virtually identical complaints, and he has failed to file a coherent amended complaint in any of those actions as well.

[3] A website purporting to be published by plaintiff Miller attempts to explain the communication method, but the court finds that explanation itself to be gibberish. *See* http://dwmlc.com/dwm/pages/category.php?category=1 (last visited April 24, 2013).

complaint on the ground that it is unintelligible" is completely acceptable."). Clerk to enter final judgment.

**SO ORDERED.**

Date: April 25, 2013

    s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT